Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of nylon tow ropes similar in use to cotton ropes and following the principles set forth in *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), the claim of the plaintiffs was sustained.

**No. 67967.**—B & K Instruments, Inc. *v.* United States, protest 63/3178 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of articles the same in all material respects as those the subject of Abstract 67085, the claim of the plaintiff was sustained.

**No. 67968.**—Hirschberg-Schutz & Co., Inc. *v.* United States, protest 58/24248 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of ribbons similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiff was sustained.

**No. 67969.**—Max Mayer & Co., Inc. *v.* United States, protest 60/3037 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the issue is the same in all material respects as that the subject of *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), and the record showing that the merchandise consists of nylon gloves and mittens similar in use to silk gloves and mittens, the claim of the plaintiff was sustained.

**No. 67970.**—Max Mayer & Co., Inc., et al. *v.* United States, protests 60/21291, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the issue is the same in all material respects as that the subject of *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), and the record showing that the merchandise consists of nylon gloves and mittens similar in use to silk gloves and mittens, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 9, 1963

**No. 67971.**—Sphinx Import Co., Inc. *v.* United States, protest 62/18397 (San Francisco).

RICHARDSON, Judge: The involved merchandise consists of artificial flowers, which were imported at San Francisco from Hong Kong. When this protest was called for trial, the corporate plaintiff appeared without counsel. Government counsel moved to dismiss the protest for untimeliness. An examination of the official papers that were received in evidence discloses that the value of the involved merchandise was advanced upon appraisement by the addition of a buying commission and inland charges, that notice of appraisement was given, and that no appeal for reappraisement was filed.

In its protest, plaintiff claims that the buying commission should not be a part of the dutiable value and requests that the liquidation be returned to the examiner for reappraisement. While the protest itself was timely filed, it does not set forth any protestable claim. The claim made in the protest is one which is cognizable only in a reappraisement proceeding, a remedy no longer available to plaintiff, in view of its failure to file an appeal for reappraisement.

While the plaintiff has complied with the form of presenting a protest, the issue it is presenting is one that should have been made in a reappraisement proceeding and is not a justifiable issue over which this division of the court may exercise jurisdiction, and, for this reason, the protest is dismissed.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, SEPTEMBER 11, 1963

**No. 67972.**—A. Ponnock & Sons *v.* United States, protest 61/6666 (Philadelphia).

OLIVER, Chief Judge: This protest relates to certain pieces of wood that were classified as parts of toys, not specially provided for, under paragraph 1513 of the Tariff Act of 1930, as modified, and assessed with duty thereunder at the rate of 35 per centum ad valorem. Plaintiff claims classification therefor as manufactures of wood, not specially provided for, under paragraph 412 of the Tariff Act of 1930, as modified, with a duty assessment at the rate of 16⅔ per centum ad valorem.